# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 12, 2010

Charles R. Fulbruge III
Clerk

No. 08-30605
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VASSHON HAYWOOD

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-82-1

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Vasshon Haywood, federal prisoner # 29305-034, appeals the denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), in which he argued that his sentence should be reduced based on the amendment to the Guideline addressing crack cocaine. Haywood argues that the district court erred and abused its discretion by denying his § 3582(c)(2) motion based on the fact that his original sentence, imposed as a variance pursuant to *United States v. Booker*, 543 U.S. 220 (2005), fell below both his original and amended advisory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines ranges.  Haywood's original sentence constituted a 21% departure from his advisory sentencing guidelines range.  He asserts that the district court should have granted him an equivalent reduction from his amended sentencing guidelines range, as authorized by United States Sentencing Guideline § 1B1.10(b)(2)(B), p.s.

We review a district court's denial of a reduction under § 3582(c)(2) for an abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Haywood has not shown that the district court misapprehended its authority to reduce his sentence pursuant to § 3582(c)(2) and § 1B1.10(b)(2)(B).  *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).  Nor has Haywood shown that the district court abused its discretion by denying his motion.  He was not entitled to a reduction of sentence as a matter of right.  The district court gave due consideration to Haywood's motion as a whole and implicitly considered the 18 U.S.C. § 3553(a) factors, public safety concerns, and his post-sentencing behavior in determining it would not grant relief.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).  Finally, Haywood has not shown that the district court erred because its order denying relief did not include reasons for the decision.  No explanation was required.  *See Evans*, 587 F.3d at 674.

The judgment of the district court is AFFIRMED.