# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2010

Charles R. Fulbruge III
Clerk

No. 08-30613
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE POWELL, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CR-217-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Willie Powell, Jr., federal prisoner # 28006-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence for conspiracy to possess with intent to distribute more than 50 grams of cocaine base based on Amendment 706 of the Sentencing Guidelines. He argues that the district court abused its discretion when, despite his exemplary post-sentencing conduct, it denied his motion solely on the basis that the amended guidelines sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range overlapped with his original 151-month sentence.    We reject the Government's assertion that Powell waived the right to bring the instant appeal under the terms of his plea agreement.  *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).

A proceeding under § 3582(c)(2) is not a full resentencing.  *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).   Consequently, the bifurcated reasonableness review standard afforded sentencing decisions is inapplicable in the § 3582(c)(2) context.  *Id.* at 672.   Rather, we review the district court's determination of whether to reduce a sentence for an abuse of discretion.  *Id.* Powell's motion to reduce his sentence included a request that the district court base its decision on the factors in 18 U.S.C. § 3553(a), and the district court's ruling indicates that it considered the amended guidelines range but determined that no reduction in sentence was warranted.  Where, as here, the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the factors in § 3553(a), there is no abuse of discretion.  *See id.* at 674; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.