# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 3, 2010

Charles R. Fulbruge III
Clerk

No. 08-60727
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO D FISHER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CR-110-1

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Antonio D. Fisher, federal prisoner # 07949-043, appeals the district court's denial of his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2), based upon the amendments United States Sentencing Guidelines that reduced the base offense levels for offenses involving crack cocaine. *See United States v. Doublin*, 572 F.3d 235, 236 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Fisher was convicted following a jury trial of distributing crack cocaine and was sentenced to a 168-month term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fisher argues that the district court abused its discretion in denying his motion for a reduction in sentence. He acknowledges that district courts may consider post sentencing behavior when deciding § 3582(c)(2) motions, but he argues that the district court should not have denied his motion solely on the basis of his post sentencing conduct.

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment . . . if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Although § 3582(c) directs the court to consider the sentencing factors of 18 U.S.C. § 3553(a), the reasonableness standard derived from *United States v. Booker*, 543 U.S. 220 (2005), does not apply under § 3582(c)(2). *See United States v. Evans*, 587 F.3d 667, 671-72 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939). The sentencing court is under no obligation to reduce the sentence at all. *Evans*, 587 F.3d at 673. We review the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Cooley*, 590 F.3d 293, 295 (5th Cir. 2009).

In exercising its discretion under § 3582(c)(2), the district court is instructed to consider (1) the § 3553(a) factors, (2) "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and (3) "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, comment. (n.1(B)(ii)-(iii)). The district court may also consider the movant's record of prison misconduct. *See United States v. Smith*, ____ F.3d ___, 2010 WL 366745, *1 (5th Cir. Feb. 3, 2010). In denying Fisher's motion, the district court expressly considered these factors, emphasizing Fisher's criminal history and that Fisher had numerous prison disciplinary infractions. The district court did not abuse its discretion in declining to reduce Fisher's sentence. *See Cooley*, 590 F.3d at 295.

AFFIRMED.