# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2010

Charles R. Fulbruge III
Clerk

No. 08-30590
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

LEON T DANCY,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:00-CR-10018-3

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leon T. Dancy, federal prisoner #97081-079, appeals the grant of an 18 U.S.C. § 3582(c)(2) sentence reduction from 150 months to 145 months of imprisonment for possessing with intent to distribute more than 500 grams of cocaine. Dancy argues that, because his original sentence was 29% less than the bottom of his original guidelines range of 210–262 months of imprisonment, the district court erred by failing to grant him a 119 month sentence, which would be 29% less than the bottom of his amended guidelines range of 168–210 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of imprisonment.  He argues that in so doing, the district court misapplied U.S.S.G. § 1B1.10(b)(2)(B).

Section 3582(c)(2) allows discretionary modification of certain sentences if the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  In such cases, the district court may reduce the sentence after considering the applicable 18 U.S.C. § 3553(a) factors and the applicable policy statements issued by the Sentencing Commission. § 3582(c)(2).  Although § 3582(c) directs the court to consider the sentencing factors of § 3553(a), "the bifurcated procedural-soundness, substantive-reasonableness" review derived from *United States v. Booker*, 543 U.S. 220 (2005) and its progeny does not apply under § 3582(c)(2).  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). "Instead . . . the decision whether to reduce a sentence under § 3582(c)(2) [is reviewed] for abuse of discretion," with the district court's interpretation of the guidelines reviewed de novo and its factual findings reviewed for clear error." *Id*. at 672 (internal citations omitted).

We find unpersuasive Dancy's argument that his reduced sentence should have been lower than the 145-month term that the district court imposed. Section 1B1.10 provides in relevant part: "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . *may* be appropriate." § 1B1.10(b)(2)(B) (emphasis added).  "Even though the district court *may* grant a comparable sentence reduction, . . . it is not compelled to do so." *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).  Further, commentary accompanying § 1B1.10 makes clear that "the sentencing court has the discretion to determine whether, *and to what extent*, to reduce a term of imprisonment under [§ 1B1.10(b)(2)(B)]." § 1B1.10, cmt. n.3 (emphasis added).  There is no evidence

that the district court intended to grant a greater reduction but erred in its arithmetical calculation, as Dancy intimates.

Nor was the district court required, as Dancy argues, to explain the rationale for its sentence by making explicit its consideration of the § 3553(a) factors or other policy considerations. *See Evans*, 587 F.3d at 674. If a district court is "presented with argument concerning the § 3553(a) factors," as occurred in this case, this court may assume that the district court considered the argument. *Id.* at 673.

Neither has Dancy shown that the reduced sentence was outside the sound discretion of the district court. *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995). He has merely made the showing that the sentence imposed was not the one he would have preferred. That showing, however, is insufficient to establish that the district court abused its discretion.

AFFIRMED.