# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2010

No. 08-30988
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL DAVIS VEAL,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:98-CR-10030-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Earl Veal, federal prisoner # 10116-035, appeals the denial of his 18 U.S.C.
§ 3582(c)(2) motion for reduction of sentence based on the United States Sentenc-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ing Commission's retroactive amendment to the base offense levels for crack cocaine offenses. Veal pleaded guilty to one count of possession with intent to distribute more than 50 grams of cocaine base ("crack cocaine") (Count Three) and two counts of carrying and use of a firearm during and in relation to a drug trafficking crime (Counts Five and Ten). The district court sentenced him to consecutive terms of 360 months of imprisonment on Count Three, 60 months on Count Five, and 240 months on Count Ten, for a total of 660 months. Pursuant to the government's FED. R. CRIM. P. 35 motion, the court subsequently reduced the sentence by 50 percent, resulting in an amended sentence of 180 months on Count Three, 30 months on Count Five, and 120 months on Count Ten, for a total of 330 months.

The court denied Veal's motion for a § 3582(c)(2) reduction, noting that "[t]he previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence [was] comparably less than the amended guideline range." The court also observed that the "[r]esponses and objections by all parties [had] been received, reviewed, and considered."

Veal contends that the court committed procedural error and abused its discretion when it denied his § 3582(c)(2) motion. Specifically, he argues that although the sentence is less than the amended guideline range, it is not––contrary to the district court's conclusion––"comparably less" than 292 months. Veal also urges that the court committed significant procedural errors by neither referencing the 18 U.S.C. § 3553(a) factors nor providing any explanation for the sentence imposed.

Section 3582(c)(2) allows discretionary modification of certain sentences if the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). In such cases, the district court may reduce the sentence after considering the applicable § 3553(a) factors and the applicable guidelines policy

statements. § 3582(c)(2). Although § 3582(c)(2) directs the court to consider the sentencing factors set forth in § 3553(a), the "bifurcated procedural-soundness, substantive-reasonableness" review derived from *United States v. Booker*, 543 U.S. 220 (2005), and its progeny does not apply in proceedings under § 3582-(c)(2). *United States v. Evans*, 587 F. 3d 667, 672 (5th Cir. 2009). Thus, a district court's decision whether to reduce a sentence is reviewed for abuse of discretion, and its interpretation of the guidelines *de novo*. *Id.*

Veal has not shown that the court abused its discretion in denying his § 3582(c)(2) motion. "Even though the district court *may* grant a comparable sentence reduction, . . . it is not compelled to do so." *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009). Further, the court need not provide reasons for its denial of a § 3582(c)(2) motion or explain its application of the § 3553(a) factors. *See Evans*, 587 F.3d at 674.

The probation officer's recalculation report correctly provided that Veal was subject to an amended guidelines range of 292-365 months on Count Three. Because of the rule 35 motion, the 180-month sentence is lower than both the original and amended guidelines ranges. The box selected by the district court on the preprinted form sets out significant background information pertaining to the previously-imposed sentence, namely, that it was less than the applicable guidelines range because of a rule 35 reduction. Although the court's selection adds that "the reduced sentence [was] comparably less than the amended guidelines range," the record reflects that the court implicitly considered the § 3553(a) factors and concluded that no further reduction was warranted. The court was not required to provide any further explanation for denying Veal's motion. *See Cooley*, 590 F.3d at 298. Accordingly, the judgment is AFFIRMED.