# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

Charles R. Fulbruge III
Clerk

No. 08-30635
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID CAO, also known as Davis Cao,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CR-290-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Cao, federal prisoner # 28068-034, was convicted in 2003 of three counts of distribution of cocaine and one count of distribution of crack cocaine; Cao was sentenced to concurrent 121-month terms of imprisonment. This appeal is from the district court's order denying Cao's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), in light of the recent amendments to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the crack cocaine sentencing guidelines.[1]  In denying the motion, the district court noted that the original sentence was within the amended guidelines range.

Cao contends that the district court arbitrarily denied his § 3582(c)(2) motion without regard to case-specific facts, such as his post-conviction rehabilitative conduct, or consideration of the factors in 18 U.S.C. § 3553(a).  Cao contends a "sentencing range overlap," by itself, cannot be used to justify the denial of a reduction.  He claims that the district court should have cited case-specific reasons for denying the motion.

The denial of a § 3582 motion is reviewed for abuse of discretion.  *United States v. Evans*, 587 F.3d 667 (5th Cir. 2009).  Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission.  *United States v. Doublin,* 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).   In such cases, the district court may reduce the sentence after considering the applicable factors under 18 U.S.C. § 3553(a) and the applicable guideline policy statements.  § 3582(c)(2).  However, the sentencing court is not required to provide reasons for its denial of a § 3582(c)(2) motion or to explain its consideration of the § 3553(a) factors.  *Evans*, 587 F.3d at 673-74.  If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, there is no abuse of discretion.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Although the district court did not discuss the § 3553(a) factors expressly, the record reflects that it considered them.  *See Evans*, 587 F.3d at 673.  The district court's decision denying the motion indicates that it understood that Cao's original sentence was within the amended guidelines range and shows that

---

[1] The Government's contention that Cao waived in his plea agreement the right to challenge the district court's ruling on appeal is foreclosed by *United States v. Cooley*, __ F.3d __, No. 08-30604, 2009 WL 4642610 at *2 (5th Cir. Dec. 9, 2009).

the district court considered the amended guidelines range but determined that no reduction in sentence was warranted.  Under these circumstances, the court gave due consideration to the motion to reduce sentence and implicitly considered the § 3553(a) factors.  The record reflects that the district court was made aware of Cao's good conduct in prison, and there is no reason to believe that the district court believed erroneously that it could not reduce Cao's sentence.  Accordingly, Cao has not shown that the district court's denial of his motion was an abuse of discretion.  *See Evans*, 587 F.3d at 673-74; *Whitebird*, 55 F.3d at 1010.  The district court's order is

AFFIRMED.