# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2010

No. 08-30612
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DERRICK DAVIS,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:01-CR-45-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Derrick Davis, federal prisoner # 27435-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence for two counts of distribution of cocaine base based on Amendment 706 of the Sentencing Guidelines. He argues that the district court abused its discretion when, despite his exemplary post-sentencing conduct, it denied his motion solely on the basis that the amended guidelines sentencing range overlapped with his original 100-month sentence. The Government asserts that Davis waived the right to bring

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the instant appeal under the terms of his plea agreement. We reject the Government's argument. *See United States v. Cooley*, 590 F.3d 293, 296-97 (5th Cir. 2009).

A proceeding under § 3582(c)(2) does not constitute a full resentencing. *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009), *petition for cert. filed*, (U.S. Jan. 28, 2010) (No. 09-8939). Consequently, the bifurcated reasonableness review standard afforded sentencing decisions is inapplicable in the § 3582(c)(2) context. *Id.* at 672. Rather, we review the district court's determination of whether to reduce a sentence for an abuse of discretion. *Id.* Davis's motion to reduce his sentence included a request that the district court base its decision on mitigating factors set forth by Davis. The district court's ruling indicates that it considered the amended guidelines range but determined that no reduction in sentence was warranted. Where, as here, the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the 18 U.S.C. § 3553(a) factors, there is no abuse of discretion. *See id.* at 674; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). To the extent Davis is complaining that the district court failed to articulate reasons for denying his § 3582(c)(2) motion, his argument is foreclosed. *See Cooley*, 590 F.3d at 298.

AFFIRMED.