# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2010

Lyle W. Cayce
Clerk

No. 08-30809
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FLOYD DOUGLAS, also known as Doug,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-160-6

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Floyd Douglas, federal prisoner # 18919-034, appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. Douglas argues that the district court abused its discretion in reducing his sentence to near the top of the amended guidelines range, rather than imposing a reduction comparable to his original sentence, which was near the bottom of the guidelines range. Douglas's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal waiver does not bar this appeal. *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion, and its interpretation of the Sentencing Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). A sentence reduction under § 3582(c)(2) is not a full sentencing proceeding; therefore, the reasonableness standard derived from *United States v. Booker*, 543 U.S. 220 (2005), does not apply. *United States v. Evans*, 587 F.3d 667, 671-72 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939); *Doublin*, 572 F.3d at 237.

Douglas specifically argues that the district court did not properly consider the positive steps he has made towards rehabilitation while he has been incarcerated. The district court was under no obligation to reduce Douglas's sentence at all, nor was it obligated to impose a particular sentence within the recalculated guidelines range. *Evans*, 587 F.3d at 673. However, because the district court did, in fact, grant Douglas's § 3582(c)(2) motion and reduced his sentence, we can assume that the court considered the appropriate factors. *Id.* Moreover, the district court was not required to provide reasons for imposing the new sentence. *Id.* at 674. Accordingly, the judgment of the district court is AFFIRMED.