# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 08-30852
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY TAPP,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-253-3

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Timothy Tapp, federal prisoner # 26638-034, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. Tapp argues that his offense did not involve the egregious conduct feared by Congress when it enacted the 100-to-1 ratio for crack cocaine offenses and therefore a sentence reduction was warranted. He further argues that the district court's use of general language in its order suggests that the district court was influenced by improper factors, such as his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

efforts to secure post-conviction review of his conviction. Tapp's appeal waiver does not bar this appeal. *See United States v. Cooley*, 590 F.3d 293, 296-97 (5th Cir. 2009).

The district court's reasons do not suggest that it considered Tapp's post-conviction efforts to obtain review of his conviction in its § 3582(c)(2) determination. The district court was provided information regarding Tapp's personal circumstances and offense conduct, public safety considerations, and post-sentencing conduct, which are relevant factors in the district court's consideration of whether to grant a § 3582(c)(2) reduction. *See United States v. Evans,* 587 F.3d 667, 672-73 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939); 18 U.S.C. § 3553(a). We may assume that the district court considered all arguments that were presented to it and thus considered the § 3553(a) factors. *See Evans*, 587 F.3d at 672-73; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). Finally, reductions under the crack cocaine amendments and § 3582(c)(2) are not mandatory. *See United States v. Doublin*, 572 F.3d 235, 237-38 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Tapp's arguments thus fail to demonstrate that the district court's decision was an abuse of discretion. *See id.*

The judgment of the district court is AFFIRMED.