# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2010

No. 08-30854
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STERLING LEWIS, also known as Bam Bam, also known as Bam,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CR-302-5

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Sterling Lewis, federal prisoner # 28129-034, appeals the district court's July 23 (and 29), 2008 denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence for conspiracy to possess with intent to distribute 50 grams or more of cocaine base, at least 500 grams but less than 5 kilograms of cocaine hydrochloride, and at least 50 kilograms but less than 100 kilograms of marijuana. Lewis's § 3582(c)(2) motion was based on Amendment 706 of the Sentencing Guidelines. In denying the motion, the district court reasoned that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lewis had received two prior substantial sentence reductions, pursuant to motions under U.S.S.G. § 5K1.1 and FED. R. CRIM. P. 35; his sentence was already 57 months less than the bottom of his recalculated guidelines range; and no further reduction in his sentence was warranted.  Lewis argues that the district court's denial of his motion constituted an abuse of discretion.

Lewis's appeal is not barred by the waiver in his plea agreement.  *See United States v. Cooley*, 590 F.3d 293, 296-97 (5th Cir. 2009) (holding that an identical waiver did not bar an appeal).  A district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *petition for cert. filed*, (Jan. 28, 2010) (No. 09-8939).  The district court was permitted but not required to grant a reduction in Lewis's sentence.  *See* § 1B1.10(b)(2)(B); *Cooley*, 590 F.3d at 297.  The record reflects that the district court was aware of its authority to grant a reduction to Lewis's sentence, was presented with Lewis's arguments in favor of a reduction, and had before it documents allowing for consideration of the factors relevant to the decision whether to grant a reduction.  We discern no abuse of discretion by the district court.  *See Cooley*, 590 F.3d at 297-98; *Evans*, 587 F.3d at 672-73; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.