REVISED DECEMBER 14, 2009

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 09, 2009

Charles R. Fulbruge III
Clerk

No. 08-30604

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LIONEL COOLEY, a/k/a Boo Boo, a/k/a Bootie Cooley,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-cr-00302-ILRL-1

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

Defendant-Appellant Lionel Cooley appeals from the district court's refusal to grant his motion for a modification of his sentence under 18 U.S.C. § 3582(c)(2) following the Sentencing Commission's November 1, 2007 retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G.") provision 2D1.1, which governs offenses that involve cocaine base (crack cocaine).[1]

---

[1] That amendment raised the quantity required to reach each base offense level, with the result that the corresponding sentencing range for an given quantity was lowered. *See* U.S.S.G. app. C, amends. 706 (Nov. 1, 2007) and 713 (Mar. 3, 2008).

Cooley's 105-month sentence constituted a 37.5% downward departure from the low end of his original sentencing range (168 to 210 months) and even a 25% downward departure from the low end of the newly amended sentencing range (140 to 175 months). Cooley nevertheless contends that the district court abused its discretion when it refused to reduce his sentence further to achieve a comparable 37.5% reduction below the low end of his new sentencing range without citing a case-specific reason for doing so, relying instead on the fact that Cooley's sentence was already below even the revised guidelines range. We affirm.

## I. Facts & Proceedings

In March 2003, Lionel Cooley pleaded guilty to a crack cocaine offense pursuant to a plea agreement. Based on his overall offense level and criminal history, the district court calculated a sentencing range of 168 to 210 months, with a mandatory minimum of 120 months.[2] The government, however, filed a motion for a downward departure under U.S.S.G. § 5K1.1, which the district court granted. The court imposed a sentence of 117 months.

A year later, the government filed a motion under Fed. R. Crim. P. 35 seeking a further reduction of Cooley's sentence for substantial assistance. The district court granted the motion and reduced Cooley's sentence to 105 months.

In 2007, the Sentencing Commission retroactively amended U.S.S.G. §

---

[2] A district court may depart from a statutorily mandated minimum sentence on motion of the government under 18 U.S.C. § 3553(e). *Melendez v. U.S.,* 518 U.S. 120, 124-130, 116 S.Ct. 2057, 135 L.Ed. 2d 427 (1996) (holding that 5K1.1 letter is not, alone, sufficient to impose sentence below statutorily mandated minimum absent a separate motion under 18 U.S.C. §3553(e) for substantial assistance); *U.S. v. Phillips*, 382 F.3d 489, 499 (5th Cir. 2004) (holding that district court may impose a sentence below statutory minimum on the state's motion under 18 U.S.C. § 3553(e) or (f)) (citing *U.S. v. Solis,* 169 F.3d 224, 226-27 (5th Cir. 1999)). Here, the government filed such a motion.

2D.1.1(c), the drug quantity table that governs sentencing for narcotics offenses involving crack cocaine, which effectively reduced Cooley's offense level by two points. In April 2008, Cooley filed a motion in the district court for a modification of his sentence under § 3582(c)(2),[3] seeking a reduction of his sentence from 105 months to 88 months, which would reflect a comparable 37.5% reduction from the low end of the amended guideline range of 140 months. The court denied this motion.

## II. Analysis

### A. Standard of Review

We review a decision "whether to reduce a sentence under § 3582(c)(2)" for abuse of discretion.[4] Although Cooley suggests that this standard of review encompasses the bifurcated procedural soundness/substantive reasonableness standard associated with appellate review of sentencing decisions post-Booker, he is incorrect. As we recently held in United States v. Evans,[5] because a

---

[3] If "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement at issue is the newly amended U.S.S.G. § 1B1.10, which states that when "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(1)(a). To be eligible for reconsideration under U.S.S.G. § 1B1.10(b)(2), the original sentence must generally have been imposed pre-*Booker,* 543 U.S. 220 (2005). *See* U.S.S.G. § 1B1.10(b)(2)(B). That condition is satisfied here.

[4] *United States v. Evans,* No. 08-41259, ---F.3d.---, 2009 WL 3647042, at *3 (5th Cir. Nov. 5, 2009) (internal citations omitted).

[5] *Id.* at *3.

3

sentence modification under § 3582(c)(2) does not constitute a complete re-sentencing, Booker's "reasonableness standard does not apply to § 3582(c)(2) proceedings."[6] Accordingly, it bears repeating that we review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, its interpretation of the guidelines de novo, and its findings of fact for clear error.[7]

## B.    Waiver

As a threshold matter, the government contends that we may not consider Cooley's appeal from the denial of his § 3582(c)(2) motion for a sentence modification because he signed a broadly worded waiver of his rights to appeal. Neither party denies that the waiver is valid and enforceable;[8] rather, they disagree whether its terms extend to the appeal of a district court's denial of a motion under § 3582(c)(2) to modify a sentence because of a change in the applicable sentencing guidelines. We apply ordinary principles of contract interpretation when we construe the scope of a waiver agreement,[9] with the caveat that the text should be interpreted narrowly against the government.[10]

Cooley's waiver states:

. . . the defendant hereby expressly waives the right to appeal his

---

[6] *Id.* at *3.

[7] *Id.* at *3.

[8] This court reviews the validity of an appeal waiver — whether a defendant knowingly and voluntarily waived his right to appeal his sentence — *de novo*. *United States v. Bond,* 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Baymon,* 312 F.3d 725, 727 (5th Cir. 2002).

[9] *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir.2005).

[10] *United States v. Harris*, 434 F.3d 767, 770 n. 2 (5th Cir.2005), *cert. denied*, 547 U.S. 1104, 126 S.Ct. 1897, 164 L.Ed.2d 580 (2006).

sentence on any ground, including but not limited to any appeal right conferred by Title 18, United State Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guidelines range deemed most applicable by the sentencing court.

We have never before addressed whether such a broadly written waiver of appeal encompasses the right to seek appellate review of a modification (or denial) of a sentence under 18 U.S.C. § 3582(c)(2). Those circuits that have directly ruled on the issue have uniformly held that such broad language — including the precise text at issue here, viz., "appeal" and "post-conviction proceedings" — does not prohibit appellate review of a motion for sentence modification under § 3582(c)(2).[11] And other circuits that have not squarely addressed the issue have nevertheless suggested that the right to seek

---

[11] *United States v. Woods,* 581 F.3d 531, 536 (7th Cir. 2009) (holding waiver of "appeal" and "post-conviction proceedings" did not waive right to seek sentence modification under § 3582(c)(2) and did not waive right to appeal denial of same); *United States v. Leniear*, 574 F.3d 668, 672 & n.3 (9th Cir. 2009) (holding reference in waiver to "right, contained in §3742, to appeal" and "collateral attack" did not extend to § 3852(c)(2) and did not waive right to appeal denial of same); *United States v. Chavez-Salais,* 337 F.3d 1170, 1174 (10th Cir. 2003) (holding waiver of direct appeal and "collateral attack, including but not limited to a [§ 2255] motion" did not extend to sentence modification under § 3582(c)(2) and did not waive right to appeal denial of same); *United States v. Strachan,* 319 Fed. App'x. 774, 776 (11th Cir. 2009) (holding that when appellate waiver in plea agreement was "unclear as to whether it cover[ed] the appeal of a new sentence imposed pursuant to § 3582(c)(2)" it could not bar consideration of the district court's sentence reduction under § 3582(c)(2)).

5

modification under § 3582(c)(2) survives such waivers of appeal.[12] We echo the Seventh Circuit's observation that § 3582(c)(2) motions "do not contest" but rather "bring to the court's attention changes in the guidelines that allow for a sentence reduction."[13] Indeed, "the defendants could not contest the district court's original sentence of imprisonment through § 3582(c)(2) proceedings because § 3582(c)(2) provides no avenue through which to attack the original sentence."[14] We join those circuits which hold that a motion for sentence modification under 18 U.S.C. § 3582(c)(2) is not properly considered an "appeal" or "collateral proceeding" under the terms of a general waiver of appeal, such as the one at issue here, and, consequently, appellate review of the denial of a § 3582(c)(2) motion is not barred by such waivers.

C.    Denial of sentence reduction under 18 U.S.C. § 3582(c)(2)

Although Cooley's appellate waiver does not bar review of his § 3582(c)(2) motion, his contention that the district court erred when it failed to reduce his sentence a comparable 37.5% below the new guidelines range is unavailing. Cooley assigns two points of error to the district court's ruling. First, he appears to argue that the district court erred by misapprehending the scope of its authority when it summarily denied his motion for the stated reason that the "[o]riginal sentence is below the new range and no further reductions are

_____

[12] *United States v. Isaacs,* 301 Fed. App'x. 183, 185 (3rd Cir. 2008) (holding that notwithstanding valid and enforceable waiver of direct appeal, defendant remained "free to file a motion under § 3582(c)(2).").

[13] *Woods,* 581 F.3d at 536.

[14] *Id.* (citing *United States v. Lloyd,* 398 F.3d 978, 979-80 (7th Cir. 2005)); *accord Evans,* 2009 WL 3647042 at *5 (holding that "[a] § 3582(c)(2) motion is not the appropriate vehicle for raising issues related to the original sentencing")(internal marks and citations omitted).

warranted." Second, Cooley contends that the district court erred when it failed to articulate a "case-specific reason" — a reason guided by the factors set forth in 18 U.S.C. § 3553(a) — for denying his motion.

Cooley is correct that the district court has discretion to order a comparable reduction in sentence. The policy statement makes clear that "if the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline . . . may be appropriate."[15] Even though the district court may grant a comparable sentence reduction, however, it is not compelled to do so. Moreover, we do not glean from the district court's summary order a misapprehension of its authority. The district court's initial observation that the original sentence was below even the new guidelines is followed by the statement "and no further reductions are warranted" (emphasis added). We perceive no error here.

Cooley's second assignment of error is foreclosed by our recent decision in Evans.[16] There, we clarified that although § 3582(c)(2) "requires the court to consider the factors in § 3553(a)," the fact "that the court did not mention the § 3553(a) factors when it summarily reduced [the Evans petitioner's] sentence does not mean that it did not consider them."[17] Although Cooley — unlike the petitioner in Evans — did not have the benefit of counsel in the preparation of his brief addressing § 3582(c)(2), he nevertheless explicitly invoked the § 3553(a)

---

[15] U.S.S.G. § 1B1.10(b)(2)(B) (as amended Mar. 3, 2008) (emphasis added).

[16] *Evans,* 2009 WL 3647042 at *5.

[17] *Id.* at *4.

factors[18] and expressed the reasons why they weighed in favor of a comparable reduction in sentence.  As we observed in Evans, "[t]he court had those [§ 3553(a)] arguments in front of it when it made its determination. . . ."  Thus, "[t]o the extent that [the petitioner's]  complaint is the fact that the district court failed to provide reasons . . . a court is 'not required to state findings of facts and conclusion of law' when denying a § 3582(c)(2) motion."[19]

The judgment of the district court is

AFFIRMED.

---

[18] These include his continuing cooperation with law enforcement, good behavior while incarcerated, his completion of a drug-treatment program and continuing education courses, as well as the need to provide for and be a father to his seven-year-old daughter.

[19] *Id*. at *5 (citing *United States v. Cox*, 317 Fed. App'x. 401, 402 (5th Cir. 2009)).