# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2010

Charles R. Fulbruge III
Clerk

No. 08-30748
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DARVIN RAY PHILLIPS, also known as Cadillac,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:00-CR-10002-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Darvin Ray Phillips, federal prisoner # 62339-079, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the November 1, 2007, retroactive amendments to U.S.S.G. § 2D1.1, the Sentencing Guideline pertaining to crack cocaine offenses. Phillips was originally sentenced to 262 months of imprisonment following his conviction for conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base. However, pursuant to a Rule 35 motion, Phillips's sentence was reduced by 40 percent,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resulting in an amended sentence of 158 months of imprisonment. Citing U.S.S.G. § 1B1.10(b)(2)(B), Phillips contends that the district court should have reduced his 158-month sentence by 40 percent to 126 months of imprisonment. Phillips further argues that the district court did not reference the 18 U.S.C. § 3553(a) factors or provide any explanation for the sentence imposed.

A district court may reduce a term of imprisonment pursuant to § 3582(c)(2) if it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, and the reduction is consistent with the policy statements issued by the Sentencing Commission. § 3582(c)(2). We review a district court's denial of a reduction under § 3582(c)(2) for an abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error. *United States v. Evans*, 587 F.3d at 667, 672 (5th Cir. 2009).

Phillips has not shown that the district court abused its discretion in deciding not to reduce his sentence further or with respect to its consideration of the § 3553(a) factors or reasons. *See United States v. Cooley*, 590 F.3d 293, 297-98 (5th Cir. 2009); *Evans*, 587 F.3d at 673-74. Accordingly, the judgment of the district court is AFFIRMED.