# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2010

No. 09-30621
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALTER COCHRAN, also known as Walsh,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-263-3

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Walter Cochran, federal prisoner # 29043-034, appeals the district court's reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to the Sentencing Guidelines governing cocaine base (crack) offenses. After initially denying Cochran's § 3582(c)(2) motion, the district court granted a motion for reconsideration and reduced Cochran's sentence from 168 months to 156 months. As a threshold matter, we reject the Government's contention that Cochran's appeal waiver bars his appeal of the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3582(c)(2) ruling. *See United States v. Cooley*, __ F.3d __ No. 08-30604, 2009 WL 4642610, at *2 (5th Cir. Dec. 9, 2009). We thus turn to the merits of Cochran's appeal.

We review a district court's ruling under § 3582(c)(2) for an abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error. *See Cooley*, 2009 WL 4642610, at *1. However, we do not employ the bifurcated procedural and substantive reasonableness review process derived from *United States v. Booker*, 543 U.S. 220 (2005). *See id.* Cochran contends that because his original sentence was at the bottom of the guidelines range of 168 to 210 months, the district court should have granted a comparable reduction to the bottom of the amended range of 140 to 175 months. Cochran argues that the court abused its discretion in light of the 18 U.S.C. § 3553(a) factors and the commentary to U.S.S.G. § 1B1.1, pointing to the rationale underlying the Guidelines amendment; efforts to eliminate the crack/powder sentencing disparity; and his postsentencing conduct, which includes obtaining a GED, participating in various programs, and his lack of disciplinary infractions.

The record reflects that the district court considered appropriate factors, including Cochran's criminal history and his postsentencing conduct, and concluded that a 12-month reduction was warranted. The district court was not obligated to reduce Cochran's sentence at all; thus, the court was not required to grant a further reduction within the amended guidelines range. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). We discern no abuse of discretion. The judgment of the district court is AFFIRMED.