# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

No. 08-50744
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREG HALL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:95-CR-ALL

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Greg Hall, whose true name is Gary Brooks, appeals the denial of his 18 U.S.C. § 3582(c) motion. Hall contends that, in denying his motion, the district court overstated the seriousness of his offense and the danger he posed to society and failed to consider all the sentencing factors of 18 U.S.C. § 3553(a).

The district court *may* grant a sentence reduction § 3582(c)(2), but it is not compelled to do so. *United States v. Cooley*, 590 F.3d 293, 297,(5th Cir. 2009). The district court must consider the § 3553(a) factors when ruling on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3582(c)(2) motion. *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009), *petition for cert. filed*, No. 09-8939 (U.S. Jan. 28, 2010).

The record in this case belies Hall's assertions. In denying Hall's motion, the district court noted the amount of crack cocaine involved in Hall's offense, his prior murder conviction, and his other convictions for aggravated robbery and carrying a weapon. The court emphasized the need to keep Hall from committing additional crimes. Given that the district court articulated concerns that § 3553(a) contemplates, it did not abuse its discretion when it denied Hall's § 3582(c)(2) motion. *See* § 3553(a).

AFFIRMED.