# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2010

No. 08-30977
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY W JETER, also known as Bug,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:01-CR-50070-5

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony W. Jeter was convicted of one count of conspiracy to possess with intent to distribute 500 or more grams of powder cocaine and five or more grams of crack cocaine, and the district court sentenced him to serve 132 months in prison and a five-year term of supervised release. This sentence was lower than the guidelines range of 188-235 months in prison and was the result of a U.S.S.G. § 5K1.1 motion filed by the Government.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We are now presented with Jeter's appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the retroactive amendments to U.S.S.G. § 2D1.1, the Sentencing Guideline pertaining to crack cocaine offenses. A district court's denial of a reduction under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Jeter argues that the district court abused its discretion by denying his request for a reduction in sentence comparable to the reduction he received when he was originally sentenced. This argument lacks merit because a district court has the discretion to grant a comparable reduction in sentence such as that requested by Jeter, but "it is not compelled to do so." *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).

Next, Jeter contends that the district court should have applied the principles enunciated in *United States v. Booker*, 543 U.S. 220 (2005), when considering his motion. This argument has previously been rejected by this court, which has held that *Booker* and the reasonableness standard that springs from *Booker* do not apply to proceedings under § 3582(c)(2). *Evans*, 587 F.3d at 671-72; *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Finally, Jeter avers that the district court abused its discretion by failing to make specific findings in connection with its denial of his motion. "[A] court is not required to state findings of facts and conclusions of law when denying a § 3582(c)(2) motion." *Evans*, 587 F.3d at 674 (internal quotation marks and citation omitted). The record in the instant case shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors. Consequently, no abuse of discretion arises from its choice not to give specific reasons in support of the motion. *See Cooley*, 590 F.3d at 298; *Evans*, 587 F.3d at 672-73.

The judgment of the district court is AFFIRMED.