# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2010

No. 09-30261
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDDIE LEE COOKS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:92-CR-30041-1

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eddie Lee Cooks, federal prisoner # 08212-035, was convicted in 1994 of conspiracy to distribute more than 50 grams of cocaine base and of three counts of distribution of cocaine base. Cooks was sentenced as a career offender to concurrent terms of life imprisonment. In this appeal, Cooks challenges the district court's order denying his motion, under 18 U.S.C. § 3582(c)(2), for a reduction of his sentence pursuant to recent amendments to the Sentencing Guidelines applicable to cocaine base offenses. We review the district court's

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order for an abuse of discretion. *United States v. Cooley*, 590 F.3d 293, 295-96 (5th Cir. 2009).

Cooks contends that the district court lacked jurisdiction to impose the original life sentences for counts two, three, and four; that the life sentences were imposed in violation of his right to substantive due process; that it was within the inherent powers of the district court to correct his illegal sentences; and that he is actually innocent of one of the predicate felony drug offenses that resulted in imposition of the life sentence. Cooks complains that the distribution counts involved quantities less than 50 grams of cocaine base and, therefore, the mandatory minimum life sentence did not apply to those counts.

Cooks's contention that his original sentence was imposed illegally is not properly before this court, as it exceeds the scope of a § 3582(c) proceeding. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). This court held recently that "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). The district court did not abuse its discretion by denying the § 3582(c)(2) motion. *See Cooley*, 590 F.3d at 295-96. The district court's order is

AFFIRMED.