# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2010

Lyle W. Cayce
Clerk

No. 08-30890
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUSSELL WASHINGTON, also known as Gravy,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-257-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Russell Washington, federal prisoner # 28534-034, appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. Washington's appeal waiver does not bar this appeal. *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).

Washington argues that the district court abused its discretion in failing to sentence him towards the lower end of the guidelines range, as it did at his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

original sentencing.  He contends that the district court's order granting his § 3582(c)(2) motion did not account for any of the case-specific factors listed in U.S.S.G. § 1B1.10 and the commentary accompanying the policy statement.  He argues that considering his post-sentencing conduct, the district court's failure to grant a comparable reduction in his sentence to the lower end of the new guidelines range was an abuse of discretion.

A district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, its interpretation of the Guidelines is reviewed de novo, and findings of fact are reviewed for clear error. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

The district court was under no obligation to reduce the sentence at all, and it had no obligation to impose any particular sentence within the recalculated guidelines range.  *Evans*, 587 F.3d at 673.  The district court granted Washington's § 3582(c)(2) motion and reduced his sentence; thus, we can assume that the court considered the 18 U.S.C. § 3553(a) factors and concluded that those factors weighed in Washington's favor.  *Id.*

To the extent that Washington argues that the district court erred in merely stating that the reduced sentence was within the amended guidelines range, rather than providing a more specific explanation of reasons similar to the ones given at the original sentencing, this argument also fails.  When a district court rules on a § 3582(c)(2) motion, it is not required to state findings of fact, conclusions of law, or to give reasons.  *Evans*, 587 F.3d at 674.  Washington has not demonstrated that the district court abused its discretion in reducing his sentence to the top of the amended guidelines range.

AFFIRMED.