UNITED STATES of America,
Plaintiff–Appellee

v.

Sterling LEWIS, also known as Bam
Bam, also known as Bam,
Defendant–Appellant.

No. 08–30854
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 7, 2010.

---

Sean Matthew Toomey, U.S. District Court, Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellee.

Gary V. Schwabe, Jr., Assistant, Federal Public Defender, Federal Public Defender's Office, Eastern District of Louisiana, New Orleans, LA, for Defendant–Appellant.

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM: *

Sterling Lewis, federal prisoner # 28129–034, appeals the district court's July 23 (and 29), 2008 denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence for conspiracy to possess with intent to distribute 50 grams or more of cocaine base, at least 500 grams but less than 5 kilograms of cocaine hydrochloride, and at least 50 kilograms but less than 100 kilograms of marijuana. Lewis's § 3582(c)(2) motion was based on Amendment 706 of the Sentencing Guidelines. In denying the motion, the district court reasoned that Lewis had received two prior substantial sentence reductions, pursuant to motions under U.S.S.G. § 5K1.1 and FED.R.CRIM.P. 35; his sentence was already 57 months less than the bottom of his recalculated guidelines range; and no further reduction in his sentence was warranted. Lewis argues that the district court's denial of his motion constituted an abuse of discretion.

Lewis's appeal is not barred by the waiver in his plea agreement. *See United States v. Cooley,* 590 F.3d 293, 296–97 (5th Cir.2009) (holding that an identical waiver did not bar an appeal). A district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir.2009), *petition for cert. filed,* (Jan. 28, 2010) (No. 09–8939). The district court was permitted but not required to grant a reduction in Lewis's sentence. *See* § 1B1.10(b)(2)(B); *Cooley,* 590 F.3d at 297. The record reflects that the district court was aware of its authority to grant a reduction to Lewis's sentence, was presented with Lewis's arguments in favor of a reduction, and had before it documents allowing for consideration of the factors relevant to the decision whether to grant a reduction. We discern no abuse of discretion by the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See Cooley,* 590 F.3d at 297–98; *Evans,* 587 F.3d at 672–73; *United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir.1995).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.