# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2011

No. 10-10411
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD SCOTT YOUNG,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-138-1

Before KING, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronald Scott Young appeals the sentence imposed following his guilty plea conviction for one count of possession of child pornography. He contends that the district court erred in not considering and providing reasons for its rejection of two of his arguments for a lesser sentence: (1) that the four-level enhancement for possession of an image involving violent or sadistic conduct overstated the need for punishment in light of 18 U.S.C. § 3553(a)(2); and (2) that the Guideline for child pornography offenses, U.S.S.G. § 2G2.2, overstates the need for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10411

punishment, is not grounded in empirical study and review, and results in severe sentencing disparities.

Because Young did not raise these arguments before the district court, our review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 192 (2009). To show plain error, Young must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Young has not shown that the district court erred in failing to articulate specific reasons for rejecting two of his arguments for a lesser sentence. The district court considered all of Young's arguments, the advisory guidelines range, and the § 3553(a) factors, and it provided extensive and thoughtful reasons for the sentence imposed. *See, e.g., United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010), *petition for cert. filed* (Sept. 4, 2010) (No. 10-6291). In particular, the district court explained that the lesser sentence was warranted based on Young's extraordinary description of his acceptance of responsibility and his determination to overcome his addiction and lead a productive and successful life. The district court also explained that the sentence was imposed to achieve the goals of punishment, deterrence, and protection of the public. Although the district court did not give specific reasons for rejecting all of Young's arguments, the district court provided sufficient reasons for the sentence imposed. *See id.* Additionally, the district court implicitly considered § 3553(a) factors when it considered Young's motion for a downward departure or variance. *See United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009). The district court did not commit clear error.

Young also claims that U.S.S.G. § 2G2.2 and its post-Protect Act amendments are flawed because they were not the result of empirical studies and result in severe sentencing disparities. This argument is foreclosed. *See*

2

No. 10-10411

*Rita v. United States*, 551 U.S. 338, 347 (2007); *see also Mondragon-Santiago*, 564 F.3d at 366-67.

AFFIRMED.