# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2011

No. 08-10943
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN NOLLEY, also known as B-Nolley,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-174-15

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Brian Nolley, federal prisoner # 29079-177, appeals from the grant of his
18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon Amendment 706
to the crack-cocaine sentencing guidelines; his sentence was lowered from 168
months to 160 months of imprisonment. Nolley argues that the decision to
reduce his sentence by only eight months was an abuse of discretion because the
district court focused solely on his post-conviction conduct and failed to address
whether the extent of the reduction was consistent with Amendment 706's goal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 08-10943

of alleviating the sentencing disparity between offenses involving crack and powder cocaine.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where his guidelines range has been subsequently lowered by the Sentencing Commission. *United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009). In such cases, the sentencing court's decision whether to reduce a defendant's sentence is informed by the applicable § 3553(a) factors and the pertinent guideline policy statements. § 3582(c)(2). The court is required to consider "the nature and seriousness of the danger to any person or the community" that may result from a reduction in sentence and it may also consider the defendant's post-sentencing conduct occurring after imposition of the original term of imprisonment. *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (internal quotation marks and citation omitted). The district court has no obligation to reduce a sentence under § 3582(c)(2) and is not required to provide reasons or to explain its consideration of the § 3553(a) factors. *United States v. Evans,* 587 F.3d 667, 673-74 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). In this case, however, the district court stated that it had considered the § 3553(a) factors and Nolley's extensive post-conviction prison disciplinary record in determining that an eight-month reduction in sentence was appropriate. No abuse of discretion occurred.

AFFIRMED.