# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2011

No. 11-30052
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY NABOR, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-148-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tommy Nabor, Jr., federal prisoner # 04263-095, appeals the district court's denial of his request for reconsideration of the order granting him an 18 U.S.C. § 3582(c)(2) sentence reduction. Nabor was originally sentenced to 235 months in prison for his one count of distributing cocaine hydrochloride and two counts of distributing cocaine base. The district court reduced Nabor's base offense level from 32 to 30 pursuant to Amendment 706, which applied retroactively to crack cocaine convictions, and resentenced him to 195 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in prison.    In his motion for reconsideration, Nabor argued that the documentation considered by the district court wrongly stated that he had not received a reduction for substantial assistance; in fact, the district court had awarded a one-level reduction pursuant to U.S.S.G. § 5K1.1 at the original sentencing.  Nabor also directed the court to his post-sentencing efforts at self-improvement and his exemplary prison conduct.  The district court denied reconsideration without reasons.

On appeal, Nabor asserts that during the resentencing, the district court should have given him an additional one-level reduction to reflect his previously-awarded § 5K1.1 benefit and should have sentenced him within or below that guidelines range.  In addition, he contends that the district court erred by failing to provide reasons for its denial of his motion for reconsideration.  Nabor concedes, however, that his challenge to the absence of reasons is foreclosed by circuit precedent; he raises the issue for further review.  *See United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

A district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion.  *Id.* at 672.  If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the 18 U.S.C. § 3553(a) factors, there is no abuse of discretion.  *See United States v. Cooley*, 590 F.3d 293, 297-98 (5th Cir. 2009).  If the defendant originally received a sentence below the applicable guidelines range, a district court may impose "a reduction comparably less" than the newly-applicable guidelines range in awarding a § 3582(c)(2) reduction.  U.S.S.G. § 1B1.10(b)(2)(B), p.s.  However, the district court is not compelled to reduce the sentence by a comparative amount.  *Cooley*, 590 F.3d at 297.

At the time it ruled on the motion for reconsideration, the district court was aware of the previously-awarded § 5K1.1 reduction and of Nabor's prison conduct.  There is no indication that the court failed or refused to consider these factors in declining to award a further reduction.  *See id.* at 297-98.  Although

No. 11-30052

Nabor asserts that the district court's failure to reduce his sentence further violated the "comparably less" provisions of § 1B1.10, p.s., he was not *entitled* to such a reduction. *See Cooley*, 590 F.3d at 297. Nabor has not established that the district court abused its discretion in sentencing him under § 3582(c)(2). *See Evans*, 587 F.3d at 672. Consequently, the judgment of the district court is AFFIRMED.