# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2013

No. 12-50776
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO DEWAYNE SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-127-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marco Dewayne Smith, federal prisoner # 62219-280, appeals the district court's denial of his motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). He maintains that the district court misweighed the seriousness of the offense, which he characterizes as a nonviolent, mine-run street sale of cocaine base. He further asserts that the court misweighed the ability of the Sentencing Guidelines to capture the seriousness of the offense; he contends that, even after the Fair Sentencing Act, the amended guidelines range for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine base offense is still significantly higher than the range applicable to a powder cocaine offense.

The district court did not abuse its discretion in denying Smith's § 3582(c)(2) motion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Although Smith was eligible for a further sentence reduction because he was sentenced after the effective date of the Fair Sentencing Act, *see Dorsey v. United States*, 132 S. Ct. 2321, 2331, 2334-36 (2012), the district court determined that a reduction was not warranted under the circumstances of his case. The district court recounted Smith's lengthy involvement with drugs and his extensive criminal history. The district court determined that a lower sentence was not warranted based on the 18 U.S.C. § 3553(a) factors, including based on Smith's nature and criminal history, the nature and circumstances of the instant offense, and the need to protect the public from further crimes by Smith. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010). Because the district court did not base its decision on a legal error or a clearly erroneous assessment of the evidence, and because the district court was not compelled to grant the motion, the district court did not abuse its discretion in denying the motion. *See Henderson*, 636 F.3d at 717; *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).

AFFIRMED.