# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20334
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALONZO ANDRADE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-35-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Alonzo Andrade, federal prisoner # 29274-179, is serving 151 months of imprisonment for unlawful possession of a firearm by a convicted felon; possession with intent to distribute cocaine; possession with intent to distribute cocaine base; and illegal reentry. The district court granted Andrade a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) on account of the retroactive amendments to the Sentencing Guidelines concerning offenses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involving cocaine base.  Andrade now appeals from the denial of his subsequent § 3582(c)(2) motion, in which he contended that in applying the retroactive amendments, the district court erred in calculating his amended offense level and guideline range.

We first address the Government's contention that the instant appeal is barred by the valid waiver provision in Andrade's plea agreement.  Andrade waived his right to contest his conviction or sentence by means of any post-conviction proceeding.  This court has held that § 3582(c)(2) proceedings do not fall within the ambit of a postconviction proceeding and, therefore, an appeal waiver such as Andrade's does not bar appeals from the denial of a § 3582(c)(2) motion.  *United States v. Cooley*, 590 F.3d 293, 296-97 (5th Cir. 2009).

We review the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, the interpretation of the guidelines de novo, and the findings of fact for clear error.  *Id*. at 295-96.  Andrade contends that his total offense level for his cocaine base conviction was erroneously increased by the district court from 30 to 31 on account of its use of the 2011 edition of the Sentencing Guidelines, when the 2004 edition used at his original sentencing did not garner him that additional level.  He argues that in assessing a total offense level of 31, the district court failed to apply the guideline provisions that corresponded to those applied at his original sentencing in violation of policy guideline U.S.S.G. § 1B1.10(b)(1).

Section 1B1.10(b)(1) provides in pertinent part that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced."  The Presentence Report disclosed that the multiple-count adjustment was used at Andrade's original sentencing to

determine his advisory guideline range, although it did not result in an increase of the adjusted offense level at that time.

Retroactive application of the cocaine base amendments, however, caused Andrade's adjusted offense level for the cocaine base offense to drop by six levels, from 36 to 30. The adjusted offense level of the illegal reentry offense remained at 24--for a six-level differential. Under both the 2004 and 2011 versions of the Guidelines, § 3D1.4(b) provides that any group of offenses that is five to eight levels less serious than the group with the highest offense level counts as one-half multiple-adjustment count units. Consequently, in addition to the one multiple-adjustment count unit assessed Andrade for the cocaine base offense, the district court assessed an additional one-half unit for the illegal reentry offense that was not assessed at his original sentencing. A total of 1½ multiple-count adjustment units results in a one-level increase in the greater adjusted offense level--in Andrade's case, from 30 to 31 for the cocaine base offense. *See* § 3D1.4 (table).

By increasing the greater adjusted offense level by one level, the district court followed the policy directive to ascertain the amended guideline range by applying the amendments as if they had been in effect at the time of original sentencing. *See* § 1B1.10(b)(1). Andrade's contention that the additional offense level is owing to the use of the 2011 versus the 2004 edition of the Guidelines manual is incorrect; his total offense level of 31 was instead the result of the six-level reduction in his original base offense level on account of the cocaine base amendments.

AFFIRMED.