# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2015

Lyle W. Cayce
Clerk

No. 15-20040
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YURI DAVID MELENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-293-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Yuri David Melendez (Melendez), federal prisoner # 43548-279, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon retroactive Amendment 782 to the Sentencing Guidelines. Melendez pleaded guilty to conspiracy to export stolen motor vehicles and unlawfully transport stolen motor vehicles in foreign commerce and attempting to possess with intent to distribute 500 grams or more of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine.  The district court granted the Government's motion for a downward departure for providing substantial assistance, and it sentenced Melendez to 108 months of imprisonment on the cocaine count and the statutory maximum sentence of 60 months of imprisonment on the stolen vehicles count, the sentences to be served concurrently.

Melendez argues that the district court abused its discretion by denying his § 3582(c)(2) motion without considering the 18 U.S.C. § 3553(a) sentencing factors.  He maintains that his guidelines sentence range was based upon a sentencing range that was lowered by Amendment 782 because the modified Guideline, U.S.S.G. § 2D1.1, was considered in his guidelines range calculation.  He maintains that the cocaine count, which was assessed under § 2D1.1, clearly affected his guidelines range calculation because without the cocaine count his statutory maximum sentence would have been 60 months of imprisonment.  The Government argues that Melendez's appeal is barred by the appeal waiver in his plea agreement and that Melendez's appeal is without merit.

As the Government acknowledges, a standard appeal waiver, such as Melendez's, does not bar a defendant from filing a § 3582(c)(2) motion or an appeal from the denial of a § 3582(c)(2) motion.  *United States v. Cooley*, 590 F.3d 293, 296-97 (5th Cir. 2009).  The Government contends that Melendez's appeal is barred by the appeal waiver because he is ineligible for relief under § 3582(c)(2), making his appeal some other type of challenge to his sentence.  Melendez, however, sought only relief under § 3582(c)(2) in the district court and seeks only relief under § 3582(c)(2) in this court.  Just because an appeal from the denial of a § 3582(c)(2) motion is unmeritorious does not make the appeal barred by a standard appeal waiver.  *See Cooley*, 590 F.3d at 296-298.

No. 15-20040

Accordingly, Melendez's appeal waiver does not bar the present appeal. *See id.*

Melendez's guidelines sentence range was based upon the adjusted total offense level of the stolen vehicles count, and it was not modified by the adjusted total offense level of the cocaine count because the adjusted total offense level of the cocaine count was 10 levels lower than the adjusted total offense level of the stolen vehicles count. *See* U.S.S.G. § 3D1.4. Thus, applying Amendment 782 to Melendez's case does not change Melendez's guidelines sentence range. As Amendment 782 did "not have the effect of lowering [Melendez's] applicable guideline range," Melendez was not eligible for a sentence reduction under § 3582(c)(2), and the district court did not abuse its discretion by denying Melendez's § 3582(c)(2) motion. U.S.S.G. § 1B1.10(a)(2)(B); *see United States v. Bowman*, 632 F.3d 906, 910-11 (5th Cir. 2011).

AFFIRMED.