# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30570
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COREY T. MUSE, also known as Lambert Muse,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-352-2

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Corey T. Muse appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking a reduction of his below-guidelines 192-month sentence for conspiring to distribute and possess with the intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin. Muse argues that the district court abused its discretion in denying him a sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30570

reduction pursuant to Amendment 782 of the Sentencing Guidelines, which effectively lowered most drug-related base offense levels.  Muse contends that the denial was based on a clearly erroneous assessment of the evidence, as the court failed to give adequate weight to his substantial assistance to the Government, his positive post-sentencing conduct, and the 18 U.S.C. § 3553(a) factors weighing in favor of a reduction.

We review a district court's denial of a § 3582(c)(2) motion to reduce sentence for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2001).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id.* (internal quotation marks and citation omitted).  If the record shows that the district court gave due consideration to the motion as a whole and, even implicitly, to the § 3553(a) factors, there is no abuse of discretion.  *United States v. Whitebird*, 55 F.3d at 1007, 1010 (5th Cir. 1995).

In this case, the district court's written order expressly relied on the § 3553(a) factors in denying relief.  The court likewise specifically cited U.S.S.G. § 1B1.10, which authorizes reductions based on post-sentencing conduct, as well as reductions comparable to an original downward departure based on a U.S.S.G. § 5K1.1 substantial assistance motion.  § 1B1.10(b)(2)(B); § 1B1.10, comment. (n.1(B)(iii)).  The district court expressly addressed whether a further reduction was warranted given the original § 5K1.1 motion and presumably also considered Muse's argument regarding his positive post-sentencing conduct, which was before the court at the time of its determination.  *See Henderson*, 636 F.3d at 718.  The district court was under no obligation, however, to grant either of these sentence reductions.  *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009) (explaining that a district

2

court is not compelled to grant a sentence reduction simply because it has authority to do so).

Given the district court's express consideration of the § 3553(a) factors and its due consideration of the motion as a whole, as well as Muse's failure to show an error of law or a clearly erroneous assessment of the evidence, the district court did not abuse its discretion in denying the § 3582(c)(2) motion for a sentence reduction. *See Whitebird*, 55 F.3d at 1010; *Henderson*, 636 F.3d at 717. The district court's judgment is AFFIRMED.