# United States Court of Appeals for the Fifth Circuit

————————

No. 24-60031
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STEPHEN SCOTT WIEST,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CR-19-1

————————————————————————

Before JOLLY, JONES, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Stephen Scott Wiest, federal prisoner # 17371-043, appeals the district court's sua sponte decision denying him, pursuant to 18 U.S.C. § 3582(c)(2), a reduction in his 115-month sentence for possession of a firearm by a person dishonorably discharged from the United States Armed Forces. His motion was based on Part A of Amendment 821 to the Sentencing Guidelines. Wiest

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

primarily argues that the district court erred because its order does not provide a sufficient basis for appellate review.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). The district court's order in this case indicated that the court, in denying Wiest's motion, had taken into account the policy statement set forth in U.S.S.G. § 1B1.10 and the 18 U.S.C. § 3553(a) factors, explaining that it denied the sentence reduction "based upon [its] evaluation of the relevant factors under [] § 3553, including the nature and circumstances of the offense, the history and characteristics of the [d]efendant (including the nature of his criminal history), the need to promote respect for the law, deter the [d]efendant, and protect the public from further crimes of the [d]efendant." The record supports the court's conclusion that the cited § 3553(a) factors weighed against a sentence reduction. Thus, the record as a whole strongly supports an inference that the district court had a reasoned basis for denying a sentence reduction as unwarranted based on the district court's cited § 3553(a) factors. *See Chavez-Meza v. United States*, 585 U.S. 109, 115-19 (2018). Under the "circumstances of [this] particular case," no further explanation was necessary. *Id.* at 116; *see also United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009).

Furthermore, Wiest's implied argument that the district court failed to adequately take into account § 3553(a)(6) in denying his motion is unsupported by a showing that similarly situated defendants who committed similar offenses received lesser sentences. *See* 18 U.S.C. § 3553(a)(6). His argument that similarly situated defendants who are sentenced after November 1, 2023, and who receive the benefit of Amendment 821, will receive a lesser sentence is pure conjecture.

No. 24-60031

Based on the foregoing, there is no basis for a determination that the district court abused its discretion. *See Calton*, 900 F.3d at 710. Accordingly, the judgment of the district court, denying Wiest's motion for a sentence reduction, is AFFIRMED.