# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-30101
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KERRIAN ANDRE ELIE,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:19-CR-57-1

---

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.
PER CURIAM:[*]

Kerrian Andre Elie, federal prisoner # 20934-035, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 92-month, within-guidelines sentence for possession of a firearm by a convicted felon. His motion was based on Part A of Amendment 821 to the Sentencing Guidelines. Elie argues that the district court abused its discretion in denying

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30101

his motion, contending that the court's order does not provide a sufficient basis for appellate review because it does not contain reasons for the denial of his § 3582(c)(2) motion and does not explicitly state that the court considered the parties' submissions.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Contrary to Elie's assertion, a district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009); *United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009) ("To the extent that [the petitioner's] complaint is the fact that the district court failed to provide reasons . . . a court is 'not required to state findings of facts and conclusion of law' when denying a § 3582(c)(2) motion.") (citation omitted). In this case, the district court explicitly stated that it had considered the 18 U.S.C. § 3553(a) factors and the applicable policy statements issued by the Sentencing Commission. Additionally, although the district court stated that it had considered Elie's "motion," we construe that to mean that the court considered the arguments that Elie raised in his supporting § 3582(c)(2) memorandum. We further note that the district court judge who denied Elie's § 3582(c)(2) motion is the same judge who originally sentenced him; the judge provided reasons at sentencing that implicated such § 3553(a) factors as the nature and circumstances of the offense, Elie's history and characteristics, and the need for the sentence to afford adequate deterrence to Elie's criminal conduct and to protect the public from his further crimes. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C).

On this record, we conclude that the district court had a reasoned basis for denying a sentence reduction as unwarranted. *See Chavez-Meza v. United States*, 585 U.S. 109, 115-19 (2018). Elie fails to show that the

No. 24-30101

district court abused its discretion. *See Calton*, 900 F.3d at 710. Accordingly, the decision of the district court is AFFIRMED.