# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2010

No. 08-50797
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY LEE BROWN, also known as Terry Lee Johnson,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-85-ALL

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Terry Lee Brown, federal prisoner # 15539-380, pleaded guilty in 2004, pursuant to a written agreement, to possession of at least five grams of crack cocaine with intent to distribute. The district court sentenced him to 96 months of imprisonment and four years of supervised release. He now moves this court for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on recent amendments to the Sentencing Guidelines for crack cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50797

By moving to proceed IFP, Brown is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). He has not shown any error in connection with the district court's good faith determination.

Brown's argument that the district court erred when it treated U.S.S.G. § 1B1.10 as mandatory is foreclosed by *United States v. Doublin*, 572 F.3d 235, 236-39 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). *See also Dillon v. United States*, 130 S. Ct. 2683, 2691-93 (2010). Brown's challenge to the district court's fact finding that drugs and loaded firearms were accessible to children is unavailing insofar as § 3582(c)(2) proceeding is not the appropriate vehicle to raise issues related to the original sentencing. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). Last, the district court did not abuse its discretion when it refused to grant Brown a reduction in his sentence. *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009); *Evans*, 587 F.3d at 671-72. The district court referenced the 18 U.S.C. § 3553(a) factors and noted the seriousness of Brown's crime and the danger to the community that would result if Brown were to be released earlier; that Brown stored, packaged, and distributed numerous types of drugs out of his residence where small children also resided; that many of the drugs and an arsenal of firearms (most loaded) were accessible to the children; and, that Brown's criminal background exhibited a history of drug distribution and violent behavior.

Brown has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

2