# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 5, 2011

No. 08-50401
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN DARNELL COBB, also known as Martin Cobb,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:97-CR-49-ALL

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Martin Darnell Cobb, federal prisoner # 78698-080, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on recent amendments to the Sentencing Guidelines for crack cocaine offenses. By moving to proceed IFP, Cobb is challenging the district court's certification decision that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Cobb also moves for the appointment of counsel on appeal.

Cobb was convicted of one count of conspiracy to possess with intent to distribute crack cocaine and two counts of distribution of crack cocaine. After his original sentence was vacated on direct appeal, he was resentenced on remand to concurrent imprisonment terms of 360 months on the conspiracy count and 240 months on each of the distribution counts. That sentence was affirmed on direct appeal. In May 2005, the district court granted a motion by the Government for a reduction of Cobb's sentence pursuant to Federal Rule of Criminal Procedure 35 based on Cobb's substantial assistance to the Government. The district court reduced Cobb's imprisonment term to 300 months.

With respect to Cobb's § 3582(c)(2) motion, the district court determined that the application of Amendments 706 and 711 lowered Cobb's total offense level to 38, which resulted in an adjusted guidelines range of 235 to 293 months of imprisonment. In denying relief under § 3582(c)(2), the district court reasoned that a further reduction to Cobb's sentence should not be awarded following his prior reduction under Rule 35 and that Cobb's 300-month imprisonment term was appropriate considering the 18 U.S.C. § 3553(a) factors, in light of the seriousness of his offense and the danger he would pose to the community if released earlier.

Cobb contends that the district court abused its discretion by denying his § 3582(c)(2) motion based in part on his receipt of a prior reduction pursuant to the Government's Rule 35 motion. He asserts that he should be resentenced within his adjusted guidelines range. Cobb also argues that the district court violated *Booker v. United States*, 543 U.S. 220 (2005), and its progeny by making factual findings based on a preponderance of the evidence standard. He further challenges the district court's factual findings regarding the § 3553(a) factors

No. 08-50401

and contends that the district court failed to consider his favorable post-sentencing conduct.

Cobb has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220.  After noting that Cobb had received a reduction pursuant to Rule 35, the district court indicated that no "further reduction should be awarded," which reflects that the district court was aware of its authority to grant a further reduction but declined to do so. *See United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).  The district court was not compelled to grant a reduction under § 3582(c)(2), and its denial of Cobb's motion did not constitute an abuse of discretion. *See id.*  Additionally, § 3582(c)(2) proceedings are not full resentencings, and the principles of *Booker* and its progeny do not apply to § 3582(c)(2) proceedings.  *Dillon v. United States*, 130 S. Ct. 2683, 2690-94 (2010); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).  Cobb's arguments regarding the district court's consideration of the § 3553(a) factors and his post-sentencing conduct are not supported by the record and do not present a nonfrivolous issue for appeal. *See United States v. Evans*, 587 F.3d 667, 673 & n.11 (5th Cir. 2009).  The interests of justice do not require the appointment of counsel on appeal because Cobb's appeal does not involve complicated or unresolved issues. *Cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

Because Cobb has failed to show that he will raise a nonfrivolous issue on appeal, his IFP motion is DENIED.  His motion for appointment of counsel is DENIED.  His appeal is frivolous and is DISMISSED. *See* 5TH CIR. R. 42.2.