# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2011

No. 08-50402
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KARL IRVIN HEYLIGER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-87-1

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Karl Irvin Heyliger, federal prisoner # 35580-180, seeks leave to proceed in forma pauper (IFP) to appeal the district court's denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Heyliger IFP status, finding that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To obtain leave to proceed IFP on appeal, Heyliger must show that he is a pauper and that he will

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

present a nonfrivolous issue for appeal. *See Carson v. Polley,* 689 F.2d 562, 586 (5th Cir. 1982).

Pursuant to a plea agreement, Heyliger pleaded guilty to conspiring to distribute a mixture containing cocaine base ("crack"). His total offense level was 33, he had a Category IV criminal history, and his guidelines range of imprisonment was 188-235 months. The Government filed a motion for a downward departure under U.S.S.G. § 5K1.1 for substantial assistance, and the district court granted the motion, sentencing Heyliger to 121 months of imprisonment. Heyliger filed a motion under § 3582(c)(2) seeking a reduced sentence based on Amendments 706 and 711 to the Sentencing Guidelines, which lowered the applicable guidelines range for crack offenses. The district court denied the motion, finding that releasing Heyliger earlier would cause an unwarranted danger to the public. The district court based its finding on Heyliger's criminal history and the seriousness of his criminal offense.

Heyliger now argues that the district court abused its discretion in denying the § 3582(c)(2) motion based on his uncounted criminal history. He also argues that his crime was exactly the type that is covered by the guidelines amendments and that the district court therefore improperly considered the seriousness of his offense.

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d at 981, 982 (5th Cir. 1997). The decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Cooley*, 590 F.3d 293, 295 (5th Cir. 2009).

The district court's decision to deny Heyliger's motion was not an abuse of discretion, as the record reflects that the district court gave due consideration to the motion as a whole and implicitly considered the 18 U.S.C. § 3553(a)

factors. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).  One of these factors is "the nature and circumstances of the offense and the history and characteristics of the defendant."  § 3553(a)(1).  Thus, the district court properly considered Heyliger's uncounted criminal history and the nature of the offense, in connection with which Heyliger possessed a firearm.  Although the district court was authorized to reduce Heyliger's sentence, it was not compelled to do so.  *See Cooley*, 590 F.3d at 297.

Heyliger has not shown that he will present a nonfrivolous issue for appeal, and his request for leave to proceed IFP is DENIED.  *See Carson,* 689 F.2d at 586.  Because his appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202.