# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2011

Lyle W. Cayce
Clerk

No. 08-50912
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN ROSHAN SKILLERN, also known as Heavy D,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:89-CR-76-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steven Roshan Skillern, federal prisoner # 49340-079, has filed a motion to proceed in forma pauperis (IFP) in appealing the district court's order granting his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court has certified that Skillern's appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Skillern argues that his 365-month sentence resulted from the district court's misinterpretation of his initial sentencing guidelines range and that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

365-month sentence raises a proportionality issue between the original sentence and the amended sentence. He contends that the district court misstated his original sentencing guidelines range, which was 360 months to life imprisonment, and erred in determining that his original sentence of 400 months was at the top of the sentencing guidelines range.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where his guidelines range has been subsequently lowered by the Sentencing Commission. *United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Skillern's argument concerning the district court's misstatement of his original sentencing guidelines range was rebutted by the district court's recognition in its order that Skillern's original sentencing guidelines range was 360 months to life imprisonment. The district court determined that Skillern had been "originally sentenced at the top end of the guidelines range" and did not state that his sentence was the top of the guidelines range.

The district court further stated that it had considered the § 3553(a) factors in concluding that Skillern was eligible for a reduction of his sentence. The district court did not abuse its discretion in reducing the sentence to the guidelines sentence of 365 months.

Skillern has failed to show that he will raise on appeal a nonfrivolous issue with respect to whether the district court abused its discretion in determining that no further reduction of his sentence was warranted. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his motion to proceed IFP is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.