# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 13, 2012

Lyle W. Cayce
Clerk

No. 11-11217
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR JOE COFER, III, also known as Little Joe,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Edgar Joe Cofer, III, federal prisoner # 28746-177, appeals the denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where, as in this case, his guidelines range has been subsequently lowered by the Sentencing Commission. *See* § 3582(c)(2); U.S.S.G. § 1B1.10. "[W]e review the district court's decision whether to reduce a sentence under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11217

§ 3582(c)(2) for abuse of discretion, its interpretation of the guidelines *de novo*, and its findings of fact for clear error." *United States v. Cooley*, 590 F.3d 293, 295–96 (5th Cir. 2009) (citation omitted).

Cofer's argument that the district court erred as a matter of law by failing to make findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure is foreclosed. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009). Moreover, the district court gave reasons for denying Cofer's § 3582(c)(2) motion: the district court stated that it had considered the § 3553(a) factors, the circumstances of the case and Cofer's conduct, and Cofer's post-conviction conduct but concluded for the reasons set forth in the Government's opposition that a sentence reduction was not warranted. To the extent that Cofer is also arguing that a sentence reduction was warranted, he has shown no abuse of discretion because the record reflects the district court's consideration of Cofer's motion and the § 3553(a) factors. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

In his reply brief, Cofer argues for the first time that the district court's order is devoid of the analysis for determining whether to grant a sentence reduction under § 3582(c)(2) set forth in *Dillon v. United States*, 130 S. Ct. 2683, 2691–92 (2010); the Fair Sentencing Act; and the Sentencing Guidelines. For the first time, Cofer may also be arguing that the district court incorrectly calculated the revised guidelines range. We do not consider arguments raised for the first time in a reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

The district court's judgment is AFFIRMED.