# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2013

Lyle W. Cayce
Clerk

No. 12-30466
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLIE MAURICE WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:00-CR-109-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Charlie Maurice Williams, federal prisoner # 03458-095, pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribution of cocaine and was sentenced to 327 months in prison. Williams filed a motion under 18 U.S.C. § 3582(c) for a sentencing reduction based on Amendment 750 to the Sentencing Guidelines. The district court granted Williams's motion and reduced his sentence by 65 months to 262 months in prison. Williams has appealed the amount of the reduction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30466

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Where the defendant originally receives a below-guidelines sentence, a district court may, pursuant to a § 3582 motion, impose a revised sentence comparably below the amended guidelines range. *Dillon v. United States,* 130 S. Ct. 2683, 2691-92 (2010).

On appeal, Williams asserts that the district court failed to consider the § 3553(a) factors, specifically the need to avoid unwarranted sentencing disparity, and failed to explain the chosen sentence. It is clear from the district court's order that the court understood its responsibility to consider the § 3553(a) factors and that it did so. *See id.* The district court was not required to explain its reasons for rejecting them. *United States v. Cooley*, 590 F.3d 293, 294, 297 (5th Cir. 2009).

Williams also argues that he should have received a lower initial sentence because the Government breached the plea agreement in his original sentencing. Section 3582(c)(2) proceedings are not full resentencings, and Williams's attempt to relitigate the facts underlying his original sentencing exceeds the scope of a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

AFFIRMED.