# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20510
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY ALEXANDER, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:89-CR-331-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tommy Alexander, Sr., federal prisoner # 07193-035, appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court determined that, while Alexander was eligible for a sentence reduction under Amendment 782, a reduction was not merited upon consideration of the relevant sentencing factors under 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

comment. (n.1(B)).  We review the district court's denial of the motion for an abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Alexander contends that he was entitled to resentencing because he was eligible for a sentence reduction under Amendment 782.  He asserts that the district court failed to calculate the amended guidelines range that applied in light of Amendment 782 and did not appropriately consider his post-sentencing conduct.  Alexander further suggests that the district court failed to provide an adequate explanation for its decision to deny his motion.

The record establishes that the district court gave due consideration to Alexander's § 3582(c)(2) motion, assessed the arguments that he presented in favor of a reduction, and calculated the initial and amended guidelines ranges. The district court, as reflected in its reasons for the denial, concluded that the relevant sentencing factors and the circumstances of the case weighed against exercising its discretion to grant a reduction.  *See Dillon v. United States*, 560 U.S. 817, 827 (2010); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).  Alexander's suggestion that the district court did not properly balance the sentencing factors and that we should reassess them is insufficient to show an abuse of discretion.  *See Whitebird*, 55 F.3d at 1010.  While the district court was not required to give reasons as long as it considered the relevant factors, the court nonetheless set forth reasons for its denial that encompassed those factors.  *See United States v. Cooley*, 590 F.3d 293, 297-98 (5th Cir. 2009).

For the first time in his reply brief, Alexander contends that the district court's refusal to grant a reduction in sentence was tantamount to imposing an upward departure.  We generally do not review an argument that is raised for the first time in a reply brief.  *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).  Regardless, the argument lacks merit because § 3582(c)(2) merely authorizes a limited and discretionary adjustment to an otherwise final

No. 15-20510

sentence and is not a plenary resentencing proceeding. *See Dillon*, 560 U.S. at 826-27; *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).

Therefore, the district court did not abuse its discretion in denying relief. *See Evans*, 587 F.3d at 672. Accordingly, the judgment of the district court is AFFIRMED.