# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50581
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
September 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEDRICK LAMONT BROOKS, also known as Dedric Brooks,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-212-1

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Dedrick Lamont Brooks, federal prisoner # 97085-079, has moved for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines.  By seeking leave to proceed IFP, Brooks is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50581

197, 202 (5th Cir. 1997).   Brooks argues that, though the district court discussed his criminal history, it did not rely on this factor because it made no mention of it in granting his earlier motions for sentence reductions.  He goes on to assert that the district court improperly denied relief solely on the basis that he had already received sentence reductions.

The district court implicitly recognized that Brooks was eligible for a sentence reduction, but it was not required to give him one.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  The court denied Brooks's motion as a matter of discretion, referring explicitly to his extensive, violent criminal history, which is an appropriate factor to consider under 18 U.S.C. § 3553(a).  *See* § 3553(a)(1); *see also United States v. Henderson*, 636 F.3d 713, 718-19 (5th Cir. 2011) (explaining that the district court must reassess the § 3553(a) factors whenever the defendant is eligible for a sentence reduction under § 3582(c)(2)).   Moreover, the court's mention of Brooks's prior sentence reductions absent a suggestion that they deprived it of the authority to reduce the sentence further, was not improper.  *Cf. United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009) (upholding denial of § 3582(c)(2) motion where the movant had received a below-guidelines sentence and the district court determined that "'no further reductions are warranted'").  The court simply determined that, in light of Brooks's criminal history, the 150-month sentence he was serving, which was the result, in part, of prior sentence reductions, was appropriate in his case.  This was well within the court's discretion.  *See Henderson*, 636 F.3d at 717.

Brooks's appeal does not present a nonfrivolous issue and has not been brought in good faith.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.