# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11194
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERNAN ANDREAS RIVERA-PEREZ, also known as Chicho, also known as
Juan David Rivera-Perez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-387-2

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Hernan Andreas Rivera-Perez, federal prisoner # 18948-078, filed a
motion under 18 U.S.C. § 3582(c)(2) seeking a reduction of his 121-month
sentence for conspiracy to distribute cocaine. The motion was based on
Amendment 782 of the Sentencing Guidelines, which amended the drug
quantity table set forth at U.S.S.G. § 2D1.1(c), effectively lowering most drug-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

related base offense levels by two levels.  *See* U.S.S.G., Appendix C, Amend. 782.  While the § 3582(c)(2) motion was pending, the district court granted the Government's Federal Rule of Criminal Procedure 35(b) motion and reduced Rivera-Perez's sentence to 86 months based on substantial assistance.  The district court subsequently denied the § 3582(c)(2) motion, as well as Rivera-Perez's motion for leave to proceed in forma pauperis (IFP).

Rivera-Perez now requests leave to proceed IFP in his appeal of the district court's denial of his § 3582(c)(2) motion.  We construe his motion as a challenge to the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 2020 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3).  If the appeal is frivolous, we may dismiss it sua sponte.  *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

In determining whether to reduce a sentence, the district court first determines whether the defendant is eligible for a sentence modification and, if so, then considers the applicable 18 U.S.C. § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case."  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009).  If the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, there is no abuse of discretion.  *United States v. Cooley*, 590 F.3d 293, 297-98 (5th Cir. 2009).

Because the record reflects that the district court implicitly considered the § 3553(a) factors when denying Rivera-Perez's § 3582(c)(2) motion, there is no abuse of discretion.  *See Cooley*, 590 F.3d at 297-98.  Further, Rivera-Perez cites no relevant authority for the proposition that the district court was

No. 15-11194

required to give him notice or an opportunity to respond to the Government's Rule 35(b) motion before ruling on his separate § 3582(c)(2) motion where, as here, there was no new evidence submitted to or relied upon by the district court in connection with either the Rule 35(b) or § 3582(c)(2) motion.

The appeal is without arguable merit; therefore the motion for leave to proceed IFP is DENIED and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.