# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-50614
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICIO JOEL IBARRA,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-4-4

————

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mauricio Joel Ibarra, federal prisoner # 36100-177, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP, Ibarra is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50614

Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

When considering a § 3582(c)(2) motion, the district court must first determine whether a prisoner is eligible for a sentence reduction and the extent of the reduction authorized.  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  If the prisoner is eligible, then the district court considers any applicable 18 U.S.C. § 3553(a) sentencing factors in deciding whether a reduction is warranted in whole or in part under the specific circumstances of the case.  *Id.* at 827.  We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The district court determined that Ibarra was eligible for a sentence reduction and ordered that his sentence of imprisonment be reduced from 240 months to 210 months.  Ibarra challenges the extent of the reduction granted, arguing that the district court abused its discretion by failing to adequately consider the § 3553(a) factors and his post-sentencing conduct and by failing to select a sentence that, at most, was positioned within his amended guidelines range proportionately to the position of his original sentence within his original guidelines range.

The district court's order indicated that the court considered the policy statement under U.S.S.G. § 1B1.10 and the sentencing factors under § 3553(a), to the extent they were applicable.  While the district court was permitted to consider the post-sentencing rehabilitative conduct cited in Ibarra's § 3582(c)(2) motion, the district court was not required to do so.  *See* § 1B1.10, comment. (n.1(B)(iii)); *Evans*, 587 F.3d at 673 & n.10.  The district court also

No. 15-50614

was not required to provide reasons based on the § 3553(a) factors so long as it considered the factors. *See United States v. Cooley*, 590 F.3d 293, 297-98 (5th Cir. 2009).

Regarding Ibarra's argument concerning proportionality, we observe that the top of his original guidelines range was restricted by his statutory maximum term of imprisonment of 240 months, to which he was sentenced. *See* U.S.S.G. § 5G1.1(c); § 5G1.1, comment. Thus, his argument that his original sentence was 22 months below the top of the original guidelines range is faulty.

Moreover, the district court was under no obligation to grant Ibarra a sentence reduction at all, much less any obligation to reduce his sentence further within the recalculated guidelines range. *See Evans*, 587 F.3d at 673. Ibarra's arguments do not show that the decision on his § 3582(c)(2) motion was an abuse of the district court's discretion, as the district court's order reflects that the court considered the motion as a whole and the appropriate factors in exercising its discretion to grant a sentence reduction to 210 months of imprisonment. *See id.* at 673-74; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Ibarra has not shown that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.