# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51088
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

FLORENCE MONROE LOPEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-104-3

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Florence Lopez, federal prisoner # 79440-280, seeks leave to proceed *in*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*forma pauperis* ("IFP") on appeal of the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP, Lopez is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon v. United States*, 560 U.S. 817, 826 (2010). The court must first determine whether a prisoner is eligible for a reduction as set forth in U.S. Sentencing Guidelines § 1B1.10. *Id.* If he is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Dillon*, 560 U.S. at 827. Where, as here, "the defendant originally received a below-Guidelines sentence, in response to a § 3582(c)(2) motion, the court may grant a comparable reduction: a reduction comparably less than the amended guideline range." *United States v. Henderson*, 636 F.3d 713, 717–18 (5th Cir. 2011) (internal quotation marks and citation omitted).

Although Lopez contends a reduction was warranted based on his post-sentencing rehabilitation, the district court noted his significant criminal history and determined, as a matter of its discretion, that a reduction was not warranted in light of certain § 3553(a) factors. The district court's "initial observation that the original sentence was below even the new guidelines" does not reflect a misapprehension of its authority to grant a comparable sentence reduction. *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009).

No. 15-51088

Because Lopez has failed to show that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP is DENIED. *See Howard*, 707 F.2d at 220. Additionally, because the appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.