# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41584
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAGDALENO RODRIGUEZ, also known as Gordo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:94-CR-199-3

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Magdaleno Rodriguez, federal prisoner # 61992-079, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence based on Amendment 782 to United States Sentencing Guidelines and the denial of his motion for appointment of counsel. He contends that the district court erred in failing to evaluate the 18 U.S.C. § 3553(a) sentencing factors and his postsentencing rehabilitation. We review the district court's denial of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41584

§ 3582(c)(2) motion for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). If a defendant is eligible for a reduction under § 3582(c)(2), the district court must consider the relevant § 3553(a) factors to decide whether a sentence reduction is merited in whole or in part under the specific circumstances of the case. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Contrary to Rodriguez's assertion, the district court stated that it had considered the § 3553(a) factors. *See United States v. Cooley*, 590 F.3d 293, 297-98 (5th Cir. 2009). With respect to Rodriguez's argument that the court did not consider his postsentencing conduct, the record shows that he documented his rehabilitation efforts in his motion and that the district court thus had that information before it. *See Evans*, 587 F.3d at 672-73.

To the extent Rodriguez seeks to relitigate the appropriateness of the district court's original findings regarding his role in the offense, he is not entitled to relief because a § 3582(c)(2) proceeding is not a full resentencing or an opportunity to challenge the original sentence. *Dillon*, 560 U.S. at 825-26; *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). Rodriguez has not shown that the denial of his § 3582(c)(2) motion was an abuse of the district court's discretion.

Rodriguez also has not shown that the interests of justice required the appointment of counsel for his § 3582(c)(2) motion. The district court did not abuse its discretion in failing to appoint counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

AFFIRMED.