# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41145
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD A. BLAKE,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-450-2

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Richard A. Blake, federal prisoner # 65499-279, and proceeding *pro se* on appeal, pleaded guilty to conspiracy to possess, with intent to distribute, more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). He was sentenced, *inter alia*, to 135 months' imprisonment.

Under 18 U.S.C. § 3582(c)(2), a term of imprisonment, based on a sentencing range subsequently lowered by the Sentencing Commission, may

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

be reduced.  Blake moved under that section for a sentence reduction in the light of Sentencing Guidelines Amendment 782, which reduced his offense level and lowered his advisory Guidelines range.  The district court denied Blake's motion.

He challenges the denial, claiming the court failed to consider appropriate sentencing factors and placed undue weight on the determination, made at his original sentencing proceeding, that he was a leader or organizer of criminal activity.

The denial of an 18 U.S.C. § 3582(c)(2) motion is reviewed for abuse of discretion.  *E.g., United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  In deciding whether to reduce a sentence under that section, the district court must first determine whether defendant is eligible for a reduction, and then consider relevant 18 U.S.C. § 3553(a) sentencing factors to determine whether a reduction is warranted.  *E.g., Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

The court followed appropriate procedure by considering Blake's motion, the amended Guidelines range, whether Blake was eligible for a reduction, and relevant § 3353(a) sentencing factors. *Id.*  The court did not err in considering, and did not place undue emphasis on, Blake's role as a leader in the offense.  U.S.S.G. § 1B1.10(b)(1).  Moreover, the court is not required to give a detailed explanation of its decision to deny an 18 U.S.C. § 3582(c)(2) motion.  *United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2009); *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).  Additionally, to the extent Blake is attempting to re-litigate facts determined at his original sentencing, such an attempt is not cognizable under § 3582(c)(2).  *Evans*, 587 F.3d at 674.  As the court's decision reflects consideration of Blake's motion and the 18 U.S.C. § 3553(a)

No. 16-41145

sentencing factors, the denial of the § 3582(c)(2) motion was not an abuse of discretion. *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.