# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-50226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2017

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS BARRON-ORTIZ,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-690-3

———————

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Jesus Barron-Ortiz, federal prisoner # 99165-179, challenges the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, seeking a reduction of his below Sentencing Guidelines 151-month prison sentence for conspiring to import over five kilograms of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1), & 963. Barron asserts the court erred in denying him a reduction in the light of Amendment 782 to the Guidelines,

———————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

which lowered the base offense levels in the drug-quantity table of Guideline § 2D1.1(c).

Section 3582(c)(2) permits the discretionary modification of a sentence when, as here, defendant is sentenced to a prison term based upon a sentencing range that thereafter is lowered by the Sentencing Commission. "[R]eductions under [§ 3582(c)(2] are not mandatory; this section merely gives the district court discretion to reduce a sentence under limited circumstances." *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). Under Guideline § 1B1.10(b)(2)(B), the court may impose a sentence that is comparably less than the amended Guideline range where, as here, the original below-Guidelines sentence was based on a Guideline § 5K1.1 substantial-assistance motion. But, imposing such a comparably lower sentence is also discretionary. *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009). Barron's contention that he is not only eligible for, but entitled to, a § 3582(c)(2) sentence reduction is incorrect.

Denial of Barron's § 3582(c)(2) motion is reviewed for abuse of discretion. *E.g.*, *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). In denying a § 3582(c)(2) sentence reduction, "[a] district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence". *Id.* (internal quotation marks omitted). If the record shows the court gave due consideration to the motion as a whole and considered the 18 U.S.C. § 3553(a) sentencing factors, even implicitly, there is no abuse of discretion. *E.g.*, *id.* at 718; *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

The court's written order denying the reduction stated it had considered "the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)". The court also presumably considered

No. 16-50226

Barron's various *pro se* and counseled claims that a sentence reduction was justified by the § 3553(a) factors, his positive post-sentencing conduct, and his lack of danger to the community, because those points were raised "in front of [the court] when it made its determination". *Henderson*, 636 F.3d at 718 (quoting *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009)). In any event, Barron has abandoned those claims by failing to renew them in this appeal. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Barron's only remaining ground for appeal is the court abused its discretion by determining a comparable reduction was not warranted because he had originally received a sentence significantly below even the now amended Guidelines range. Because the court gave due consideration to the § 3582(c)(2) motion and the § 3553(a) factors, and given that the court is free to determine no reduction is warranted, it did not abuse its discretion. *Henderson*, 636 F.3d at 717–18; *Whitebird*, 55 F.3d at 1010.

AFFIRMED.