# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 16-20619
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO VILLENA, also known as Pata,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:94-CR-19-5

———————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Alejandro Villena, federal prisoner # 33881-079, was convicted of conspiring to possess more than five kilograms of cocaine with intent to distribute and was sentenced to serve 360 months in prison and a five-year term of supervised release. Now, he appeals the district court's denial of his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2), which was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20619

grounded in Amendment 782 to the United States Sentencing Guidelines. His motion to file a reply brief out of time is GRANTED.

This court reviews the denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Section 3582(c)(2) grants discretion to a district court to modify a sentence that was based on a guidelines range that was later lowered by the Sentencing Commission. § 3582(c)(2). In considering a § 3582(c)(2) motion, the court first considers whether the movant is eligible for a sentence reduction and then asks whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010). A "court is not required to state findings of facts and conclusion of law when denying a § 3582(c)(2) motion." *United States v. Cooley*, 590 F.3d 293, 298 (5th Cir. 2010) (internal quotation marks and citation omitted).

Villena's guidelines range was not lowered by Amendment 782. Accordingly, the district court did not err by denying his motion. *See* § 3582(c)(2).

AFFIRMED.